USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
 :
CITGO PETROLEUM CORPORATION, :
 :
                       Plaintiff, :   1:21-cv-389-GHW
 :
     -v - :   ORDER
 :
STARSTONE INSURANCE SE, *et al.*, :
 :
                    Defendants. :
 :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      The insurance policy at the heart of the parties' dispute in this case is governed by New York law. Dkt. No. 125 ¶ 4. In New York, "[i]n determining a dispute over insurance coverage, [courts] first look to the language of the policy. We construe the policy in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect." *Raymond Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 5 N.Y. 3d 157, 162 (2005). And the "primary objective" in interpreting any contract, including an insurance contract, "is to give effect to the intent of the parties as revealed by the language of their agreement." *Chesapeake Energy Corp. v. Bank of New York Mellon Tr. Co.*, 773 F.3d 110, 113–114 (2d Cir. 2014) (internal quotation and citation omitted).

      The parties' briefing does not present a sufficiently thorough discussion of the meaning of the term "insurrection" as used in the parties' contract. As illustrated by the Second Circuit's analysis of a "usurped power" clause in *Pan Am. World Airways, Inc. v. Aetna Cas. & Sur. Co.*, 505 F.2d 989, 1009–11 (2d Cir. 1974), the interpretation of terms used in insurance contracts is often informed by the historical development and meaning of those terms. The Court believes that a similar examination of the historical development and meaning of the applicable clause and the term "insurrection" in insurance policies may inform its evaluation of the issues presented to the Court by

the parties.  The historical meaning and usage of the term might inform, among other things, the Court's assessment of Defendants' position that the target of an insurrection must have de facto control of territory, and the degree of power that the target of an insurrection must be capable of exercising in order to be treated as such.

      Accordingly, the Court hereby sets the following schedule for additional briefing on the historical interpretation of insurrection clauses in insurance contracts.  Both Plaintiff and Defendants are directed to file and serve briefs on this topic no later than twenty-one days from the date of this order.  Plaintiff and Defendants may then file responses to the opposing parties' briefs no later than fourteen days from the date of service of the opening briefs.

      SO ORDERED.

Dated:  November 23, 2022

                                                  GREGORY H. WOODS  
                                                 United States District Judge