UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/15/2023
```

---------------------------------------------------------------X

CITGO PETROLEUM CORPORATION,                    :
                                                :
                                   Plaintiff,:
                                                :        1:21-cv-389-GHW
              -against-                         :
                                                :        MEMORANDUM OPINION
STARSTONE INSURANCE SE, *et. al.*,              :             AND ORDER
                                                :
                                   Defendants. :
----------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On March 14, 2022, the parties jointly filed letter motion requesting that this Court seal

portions of certain evidentiary submissions connected with their cross-motions for summary

judgment.  Dkt. No. 122.  For the reasons explained below, the motion to seal is GRANTED.

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow

to determine whether the presumption of public access attaches to a particular document and bars

sealing.  *See* 952 F.3d 51, 59 (2d Cir. 2020).  First, the Court determines whether the document is a

"judicial document," namely, "one that has been placed before the court by the parties and that is

relevant to the performance of the judicial function and useful in the judicial process."  *Id.*

(quotation omitted).  Second, if the materials are "judicial documents," the Court "proceeds to

'determine the weight of the presumption of access to that document.'"  *Id.* (quoting *United States v.

Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the

role of the material at issue in the exercise of Article III judicial power and the resultant value of

such information to those monitoring the federal courts.'"  *Id.* (quoting *United States v. Amodeo*, 71

F.3d 1044, 1049 (2d Cir. 1995)).  "Finally, the court must identify all of the factors that legitimately

counsel against disclosure of the judicial document, and balance those factors against the weight

properly accorded the presumption of access."  *Id.*  Applications to seal documents must therefore

be "carefully and skeptically review[ed] . . . to [e]nsure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

Here, the parties do not attempt to seal any document in its entirety, but rather "seek to redact the name of" a specified third-party witness (the "Witness"), "together with certain factual allegations for which the Witness is the source . . . because revealing the subject matter of the Witness's testimony would tend to reveal the Witness's identity." Dkt. No. 122 at 1–2. The parties also seek to redact the names of other witnesses who testified to the same subject matter as the Witness, because leaving those names unredacted could also reveal the identity of the Witness. *Id.* at 2. The parties wish to redact this information in their respective summary-judgment motions, Local Rule 56.1 statements, their later-filed opposition and reply briefs, and exhibits and declarations connected with their motions. *Id.* at 1.

All of these documents are judicial documents because they have been put before the court by the parties and are relevant and useful to this Court's process. *Mirlis*, 952 F.3d at 59. The presumption, however, has relatively modest weight for the information that the parties seek to seal. The parties' sealing request focuses only on redactions of certain names and limited, targeted information in the documents that they seek to seal. As a result, the public will be able to read and understand each document, and the Court's summary-judgment opinion, even with the redacted information. *See United States v. UCB, Inc.*, No. 14-cv-2218, 2017 WL 838198, at *5 (S.D.N.Y. 2017) (noting that while "the public . . . has an interest in monitoring the judicial process," and that "the public's ability to monitor the judicial process 'is not possible without access to testimony and documents that are used in the performance of Article III functions,'" where only names are sought to be redacted, the presumption of public access is relatively low because "the public can still glean from" the Court's use of those redacted documents "the substance of [the] arguments and the

manner in which the Court handled them" (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).

There are, moreover, significant and weighty "factors that legitimately counsel against disclosure of" the names redacted by the parties. *Mirlis*, 952 F.3d at 59. The Witness is a third party, and generally, "[t]he privacy interests of innocent third parties should indeed weigh heavily in the Court's balancing equation." *Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500, 2021 WL 1222122, at *7–8 (S.D.N.Y. Mar. 31, 2021). And this Witness has "declared under penalty of perjury that they have been threatened in the past, and fear for their safety should their identity be revealed." Dkt. No. 122 at 2; *see* Dkt. No. 79-1 (the Witness's explanation, under penalty of perjury, of the circumstances surrounding their concern). That provides greater reason to permit redactions of identifying information, given that "the risk of physical violence cannot be disregarded . . . in the balance of interests." *Chevron Corp. v. Donziger*, No. 11-cv-69, 2013 WL 646399, at *13 (S.D.N.Y. Feb. 21, 2013). In sum, under *Mirlis*, the Court finds that the factors legitimately counseling against disclosure of the information that the parties seek to seal outweighs the presumption of public interest to that information. 952 F.3d at 59. As a result, the motion to seal is granted.

The Court again emphasizes that these determinations are made only with respect to the information at issue at this stage of the case and on this record. As the Court previously noted, "[t]his order should not be construed to suggest that the Court will [approve] sealing the same or similar information, including the identity of the declarant, in any other context in this litigation." Dkt. No. 81.

The Clerk of Court is directed to terminate the motion pending at Dkt No. 122.

SO ORDERED.

Dated: March 15, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge