UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

CITGO PETROLEUM CORPORATION,  Case No. 1:21-cv-00389-GHW

       Plaintiff,

-against-

ASCOT UNDERWRITING LIMITED (FOR AND
ON BEHALF OF THE MEMBERS OF LLOYD'S
SYNDICATE 1414), *et al.*,

       Defendants.

---------------------------------------------------------------------x

**PLAINTIFF CITGO PETROLEUM CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE REQUESTING LIMITED MEASURES TO PROTECT THE SAFETY OF AN ANTICIPATED TRIAL WITNESS**

# TABLE OF CONTENTS

Page

BACKGROUND ............................................................................................................. 1
ARGUMENT .................................................................................................................. 3
CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

Cases

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir.1995)..................................................................................................4

*Barr Labs., Inc. v. Kos Pharms., Inc.*,
   362 F. Supp. 2d. 421 (S.D.N.Y. 2005).....................................................................................4

*Bobb v. Senkowski*,
   196 F.3d 350 (2d Cir. 1999)....................................................................................................4

*Bowden v. Keane*,
   237 F.3d 125 (2d Cir. 2001)....................................................................................................4

*United States v. Doe*,
   63 F.3d 121 (2d Cir. 1995).....................................................................................................3

*Huminski v. Corsones*,
   396 F.3d 53 (2d Cir. 2004).....................................................................................................3

*United States v. Schulte*,
   436 F. Supp. 3d 698 (S.D.N.Y. 2020).....................................................................................3

Rules and Regulations

Federal Rules of Civil Procedure
   Rule 32 ....................................................................................................................................1

Plaintiff CITGO Petroleum Corporation ("CITGO") respectfully moves *in limine* to request that the Court approve limited measures to protect the safety of ███████████, a witness that CITGO anticipates will testify at trial exclusively through prior deposition testimony.

As the Court knows, this case is about insurance coverage for CITGO's loss of a cargo of crude oil that was seized in February 2020 by Venezuelan actors loyal to former Venezuelan president Nicolás Maduro, as part of Maduro's efforts to remain in power past his constitutional term in office. This coverage dispute is of limited public interest. But trial of the dispute will require the jury to hear testimony regarding the actions of Venezuela's illegitimate Maduro regime—a regime this Court previously recognized has "engaged in extrajudicial killings, forced disappearances, torture, and arbitrary detention of those opposed to Mr. Maduro, and subjected many of those individuals to harsh and life-threatening prison conditions." Dkt. No. 182, Memo. Op. & Order, at 7. In light of the Maduro regime's conduct, an anticipated trial witness reasonably and understandably fears that his safety will be compromised if his trial testimony is made public.

This Court has previously held that this witness's safety concerns justified the limited redaction and/or sealing of court filings that would allow the public—including possible agents of the Maduro regime—to identify this witness or the substance of his testimony. *See* Dkt. Nos. 81, 183. These same concerns justify a limited set of procedures at trial intended to protect the privacy and safety of this witness. Although there is a presumption that court proceedings should remain open to the public, the danger inherent to this witness in this case justifies CITGO's proposed protective measures. As explained in more detail herein, this Court should grant CITGO's motion.

**BACKGROUND**

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ He is a percipient witness regarding the events underlying CITGO's coverage claim. ██████████ is an "unavailable witness" within the meaning of Federal Rule of Civil Procedure 32; accordingly, ██████████ will not testify in person at trial. Instead, both CITGO

1

and the Defendants have designated portions of ▆▆▆▆▆ deposition testimony for use as trial evidence.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

. . .

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

. . .

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Dkt. No. 79-1 (filed under seal) at ¶¶ 5, 16, & 17.

CITGO previously has sought and Court previously has issued several orders to protect the safety of ▆▆▆▆▆. On August 2, 2021, the Court permitted CITGO to file a declaration from ▆▆▆▆▆ under seal. *See* Dkt. No. 81. August 24, 2021, the Court ordered that the parties could designate ▆▆▆▆▆ name and any other information that could reveal his identity as

2

"Confidential" under the Protective Order governing this case. *See* Dkt. No. 83. With these protections in place, ▮▮▮▮▮▮▮ was deposed by the parties on October 28, 2021. And on March 15, 2023, the Court granted the parties' jointly filed letter motion requesting that the court seal (among other things) those portions of the parties' summary judgment briefs and evidentiary submissions necessary to conceal both ▮▮▮▮▮▮▮ identity and the testimony he provided during his deposition. *See* Dkt. No. 183.

**ARGUMENT**

As set forth above, ▮▮▮▮▮▮▮ justifiably fears that the Maduro regime or its allies will retaliate against him for his trial testimony in this case. CITGO requests that the Court accommodate this third-party witness's safety concerns by sealing the courtroom during the anticipated deposition testimony of ▮▮▮▮▮▮▮. CITGO estimates this closure would last approximately one hour.

Such limitations on public access to court proceedings, such as courtroom closures, are justified when necessary to prevent a "substantial probability of prejudice to a compelling interest" of a party or third-party. *See, e.g.*, *Huminski v. Corsones*, 396 F.3d 53, 85-86 (2d Cir. 2004). For limited closures, the prejudice asserted need only supply a "substantial" reason to limit public access; the prejudice need not be "overriding." *Id.* at 86. Furthermore, although the Court must consider available alternatives and narrowly tailor any restrictions on public access, and it must make adequate findings to support any courtroom closure, it is not required to choose the least restrictive means available to protect the endangered interests. *Id.*

CITGO's requested protective measures satisfy every element of this test. First, the safety concerns raised by ▮▮▮▮▮▮▮ are quintessential compelling interests that would be prejudiced by requiring the witness to testify publicly. "The Second Circuit has recognized that the qualified right of public access may yield to, among other things, the need to protect the safety of witnesses[.]" *United States v. Schulte*, 436 F. Supp. 3d 698, 704 (S.D.N.Y. 2020) (collecting cases); *see also, e.g.*, *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) (identifying and "danger to persons" as a compelling interest). These concerns are magnified by the fact that ▮

3

███ is a non-party to this insurance coverage dispute: public disclosure of party information may be an inherent consequence of parties choosing a "quintessentially public forum to air and resolve their differences," *see Barr Labs., Inc. v. Kos Pharms., Inc.*, 362 F. Supp. 2d. 421, 423 (S.D.N.Y. 2005), but ███ made no such choice. *Cf. United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir.1995) (in context of sealing judicial documents, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation") (ellipses omitted).

Second, the witness's safety concerns are substantial enough to support a limited courtroom closure. ███ has previously attested that his safety may be threatened by the Maduro regime should their testimony be open to the public, and that fear is substantiated by the regime's prior threats against him and its known history of violence against those it views as adversaries. *See, e.g.*, *Bowden v. Keane*, 237 F.3d 125, 130 (2d Cir. 2001) (closure of courtroom for single witness justified when witness "articulates even a generalized fear that his safety could be endangered by testifying in open court, and explains in rough terms the basis of his fear"); *Bobb v. Senkowski*, 196 F.3d 350, 353-54 (2d Cir. 1999) (sealing of courtroom for single witness justified based on testimony that witness "feared for his safety if he were to testify in public"). In ███ case, the threat is particularly clear, as he already has been specifically targeted by the Maduro regime. *See* Dkt. No. 79-1 (filed under seal) at ¶¶ 8-9, 16.

Finally, CITGO's requested accommodations are sufficiently tailored to limit any impact upon the public's access to this trial. Across an anticipated 7-day trial, CITGO seeks to close the courtroom only for what it estimates will be approximately one hour of testimony: the time necessary to present the jury with videotaped excerpts from the deposition of ███ The open portions of trial, including the anticipated testimony of approximately a dozen other witnesses, will provide the public with more than enough context to understand the issues presented and, ultimately, the jury's resolution thereof. Moreover, alternatives such as use of pseudonyms, privacy screens, or edited video would hamper the jury's ability to evaluate the witness's testimony while doing little to offer security, as his identity would remain reasonably

4

ascertainable from the substance of his testimony. Limited courtroom closure is the only reasonable way to safeguard ▮▮▮▮▮ against potential reprisals from the Maduro regime.

**CONCLUSION**

For the foregoing reasons, the Court should issue an order sealing the courtroom during the anticipated deposition testimony of ▮▮▮▮▮, as well as any other protective measures the Court deems appropriate.

Dated: September 19, 2023

                                            Respectfully submitted,

                                          /s/ *David F. Klein*

                                          David F. Klein
                                          david.klein@pillsburylaw.com
                                          Mark J. Plumer
                                          mark.plumer@pillsburylaw.com
                                          John Chamberlain
                                          john.chamberlain@pillsburylaw.com
                                          Jeffrey W. Mikoni
                                          jeffrey.mikoni@pillsbury.com
                                          Pillsbury Winthrop Shaw Pittman LLP
                                          1200 17th Street NW
                                          Washington, DC 20036
                                          (202) 663-8000

                                          Richard P. Donoghue
                                          richard.donoghue@pillsburylaw.com
                                          Pillsbury Winthrop Shaw Pittman LLP
                                          31 West 52nd Street
                                          New York, NY 10019
                                          (212) 858-1000

                                          *Counsel for CITGO Petroleum Corporation*