UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/2023

-------------------------------------------------------------------- X
                                      :

CITGO PETROLEUM CORPORATION,     :
                                        :

                 Plaintiff,    :           1:21-cv-389-GHW
                                        :

                -v -         :            <u>ORDER</u>
                                          :

STARSTONE INSURANCE SE, *et al.*,   :
                                        :

               Defendants.   :
                                        :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

As discussed during the November 1, 2023 final pretrial conference, the parties are directed to submit to the Court by November 8, 2023 any comments on the Court's drafts of (1) the description of the case to be read to the venire and (2) the voir dire questions, both of which were distributed to the parties at the final pretrial conference.

In addition, the parties are directed to submit to the Court by November 10, 2023 briefing on the following three issues, as discussed during the final pretrial conference:

(1) whether President Trump's Executive Order recognizing President Guaidó, issued on January 23, 2019, had any *nunc pro tunc* effect—or how, otherwise, Plaintiff expects to prove that an insurrection existed during or prior to January 2019 under the definition of "insurrection" provided by *Pan Am. World Airways, Inc. v. Aetna Cas. & Sur. Co.*, 505 F.2d 989, 1017 (2d Cir. 1974);

(2) how the parties, jointly or respectively, propose the Court should instruct the jury as to the meaning of each respective causation standard, for the "caused by" language of the insurance policy *and* the "arising from" language of the policy; and

(3) how the Court should treat the issues of the Venezuelan Court Order's legitimacy, validity, effect, or "provenance," in Plaintiff counsel's words, given Fed. R. Civ.

Pro. 44.1; and if this is a question of law, how the parties, jointly or respectively, propose

that the Court should charge the jury with respect to this issue.

The parties are also directed to provide a document listing, for each of the witnesses that the

parties expect to call (*see* Dkt. No. 194, at 8–11), an estimate of the time that the parties expect they

will need for both direct and cross-examination of each witness.  The parties are directed to provide

this document no later than November 8, 2023.

Finally, the Court will hold a teleconference to discuss the parties' motions *in limine* on

November 15, 2023 at 1:00 p.m.  The parties are directed to the Court's Individual Rules of Practice

in Civil Cases, which are available on the Court's website.  Rule 2 of the Court's Individual Rules

contains the dial-in number for the conference and other relevant instructions.  The parties are

specifically directed to comply with Rule 2(C) of the Court's Individual Rules.

SO ORDERED.

Dated:  November 1, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge