```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
CITGO PETROLEUM CORPORATION,                                      :
                                                                  :
                                        Plaintiff,                :       1:21-cv-389-GHW
                                                                  :
              -v -                                                :       ORDER
                                                                  :
STARSTONE INSURANCE SE, et al.,                                   :
                                                                  :
                                        Defendants.               :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/2023

GREGORY H. WOODS, United States District Judge:

Table 1 below represents the Court's preliminary rulings on the parties' deposition designations and counter-designations.

As a general note, the Court acknowledges that the page and line designations from the parties at times appear to have contained typographical errors. For example, the objection to the deposition designation of Mr. Bowen at "36: 1-6," Dkt. No. 195, Ex. 2, at 1, appears to be intended as "36: 2-6," given the content of the deposition. Page 36, lines 1-6 reads:

> **1. A. I don't know.**
>
> 2. Q. Yeah. And I should have asked a different
>
> 3. question first which is: Are you aware that there are
>
> 4. two different individuals who claim to be the president
>
> 5. of Venezuela at this point in time?
>
> **6. A. No.**

PX271 (Videotaped Deposition of Perry John Bowen), at 36, ¶¶ 1–6. The Court has examined proximate surrounding text in these cases. Here, for example, the Court assumes that counsel intended to write "36: 2-6," since the line at 36: 1 addresses a different question.

Where the Court sustains an objection to a deposition designation, the Court's rationale for

doing so does not necessarily mirror that presented with the objection—in part because of the misalignment issues described above. Further, where the Court sustains an objection to a deposition designation, both that deposition designation and any associated counter-designation are inadmissible.

Where a deposition designation and counter-designation both received no objections, the Court accepts the deposition designation and counter-designation (e.g., in the cases of deponents Wallace Parsons and Barton Ollerhead), unless otherwise noted.

In addition, from the discussion during the final pretrial conference held on November 1, 2023, the Court understands that both parties agree that any testimony regarding the decision-making process of the defendant insurers, in addition to any testimony regarding Plaintiff's decision to file an insurance claim, is of limited probative value. The Court appreciates that the parties have volunteered to exclude such testimony. As a result, the Court expects that any such testimony will not be presented. The Court sustains a number of the objections to the deposition designations of insurance representatives below on the basis of the Court's understanding of that stipulation, in which the parties have agreed to limit the scope of any such testimony.

Finally, the Court notes that its rulings in Table 1 are preliminary. The parties are directed to provide the Court with any objections to these preliminary rulings by no later than November 9, 2023.

SO ORDERED.

Dated: November 2, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge

November 2, 2023

Table 1:

Preliminary Rulings on Deposition Designations & Counter-Designations

| Deponent | Page(s): Line(s) | Submission by | Objection by | Objection (if any) | Preliminary Ruling (if any) | Counter-Designation Page(s): Line(s) |
|---|---|---|---|---|---|---|
| **Bowen, Perry** | 33: 1-24 | Plaintiff | Defendants |  | Although the parties have not objected to this designation, the Court will not allow this designation pursuant to its understanding of the parties' stipulation described above. | 34: 1-2 |
|  | 36: 1-6 | Plaintiff | Defendants | "the question is ambiguous as to time period and the testimony is irrelevant to any issue to be tried" | Sustained | 36: 7 |
|  | 36: 9-24 | Plaintiff | Defendants | "the question is ambiguous as to time period and the testimony is irrelevant to any issue to be tried" | Sustained | 37: 1 |
|  | 53: 1-8 | Plaintiff | Defendants | "the questions fail to correctly quote the policy and mischaracterize the witness' testimony" | Sustained | 53: 9 |
|  | 54: 16-18 | Plaintiff | Defendants | "the questions fail to correctly quote the policy and mischaracterize the witness' testimony" | Sustained | 54: 19 |
|  | 55: 5-8 | Plaintiff | Defendants | "the questions fail to correctly quote the policy and mischaracterize the witness' testimony" | Sustained | 55: 9 |

November 2, 2023

| | | | | | | |
|---|---|---|---|---|---|---|
| | 55: 11-20 | Plaintiff | Defendants | "the questions fail to correctly quote the policy and mischaracterize the witness' testimony" | Sustained | 55: 21 |
| | 74: 8-11 | Plaintiff | Defendants | "the testimony is irrelevant to any issue to be tried" | Sustained | 74: 12 |
| | 77: 1-15 | Plaintiff | Defendants | "the testimony is irrelevant to any issue to be tried" | Sustained | 77: 16 |
| | 85: 9-20 | Plaintiff | Defendants | "the testimony is irrelevant to any issue to be tried" | Sustained | 85: 21 |
| | 92: 3 | Plaintiff | Defendants | "the testimony is irrelevant to any issue to be tried" | Sustained | 92: 1 |
| | 93: 17-21 | Plaintiff | Defendants | "the testimony is irrelevant to any issue to be tried" | Sustained | 93: 22 |
| | 94: 2-6 | Plaintiff | Defendants | "the testimony is irrelevant to any issue to be tried" | Sustained | 94: 7 |
| | 94: 9 | Plaintiff | Defendants | | Although the parties have not objected to this designation, the Court will not allow this designation pursuant to its understanding of the parties' stipulation described above. | 94: 11-15 |
| **McGill, Chris** | 68: 12-14 | Plaintiff | Defendants | "the testimony is irrelevant to any issue to be tried" | Sustained | 68: 10-11 |
| | 164: 1-20 | Plaintiff | Defendants | | Although the parties have not objected to this designation, the Court will not allow this designation pursuant to its understanding of the parties' stipulation described above. | 163: 21 - 165: 1 |
| **Wall, Gavin** | 31: 21 - 32: 1 | Plaintiff | Defendants | | Although the parties have not objected to this designation, the Court will not allow this designation pursuant to its understanding of the parties' stipulation described above. | 32: 2-5 |

2

November 2, 2023

| | | | | | | |
|---|---|---|---|---|---|---|
| | 122: 8-11 | Plaintiff | Defendants | "the testimony is irrelevant to any issue to be tried" | Sustained | 122: 12-15 |
| | 122: 16 - 126: 8 | Plaintiff | Defendants | | Although the parties have not objected to this designation, the Court will not allow this designation pursuant to its understanding of the parties' stipulation described above. | 126: 9-21 |
| | 129: 4-8 | Plaintiff | Defendants | | Although the parties have not objected to this designation, the Court will not allow this designation pursuant to its understanding of the parties' stipulation described above. | 129: 9 - 130: 13 |

3