UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/2023
```

------------------------------------------------------------------- X
                        :

CITGO PETROLEUM CORPORATION,     :
                        :

             Plaintiff,    :        1:21-cv-389-GHW
                        :

        -v -          :        <u>ORDER</u>
                        :

STARSTONE INSURANCE SE, *et al.*,    :
                        :

            Defendants.  :
                        :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On September 19, 2023 Plaintiff moved "to file under seal unredacted copies of certain of

the Parties' joint and individual pretrial materials . . . , as well as any responses or replies thereto

and/or related exhibits." Dkt. No. 192, at 1. Plaintiff made this request in light of "the threat of

retaliatory harm to one of the witnesses whose anticipated testimony is recited or discussed, should

that person's identity and the substance of their testimony become public '"the Witness')." *Id.* The

Court understands the phrase "certain of the Parties' joint and individual pretrial materials" to refer

to the joint pretrial order filed at Dkt. Nos. 194 (filed under seal), 195, and the memorandum in

support of the motion *in limine* for witness protection filed at Dkt. Nos. 210, 211 (filed under seal),

as well as the reply filed in support of that motion at Dkt. Nos. 223 (filed under seal), 224. Plaintiff

requests redaction of "the name of the Witness, together with any transcriptions of the Witness's

deposition testimony and/or descriptions of their anticipated trial testimony, because revealing the

subject matter of the Witness's testimony would tend to reveal the Witness's identity and jeopardize

their safety." Dkt. No. 192, at 2. For the reasons that follow, Plaintiff's motion is granted.

Generally, there is a long-established "presumption in favor of public access to judicial

documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). "The burden of

demonstrating that a document submitted to a court should be sealed rests on the party seeking such

action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).  In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing.  *See* 952 F.3d 51, 59 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process."  *Id.* (quotation omitted).  Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'"  *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."  *Id.*  Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to [e]nsure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection.  *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

The Court has evaluated the application using the framework described by the Second Circuit in *Mirlis v. Greer*, 952 F.3d at 59.  The portions of these documents—the joint pretrial order and briefing on a motion *in limine*—that Plaintiff requests be redacted are clearly judicial documents; they have been put before the court by the parties and are relevant and useful to this Court's process.  *Mirlis*, 952 F.3d at 59.  The weight of the presumption of access to these documents, which have minimal value "to those monitoring the federal courts," is relatively modest.  *See id.* (quoting *Amodeo*, 71 F.3d at 1049).  The parties' sealing request focuses only on redactions of certain names

and limited, targeted information in the documents that they seek to seal.  *See* Dkt. No. 192, at 1–2. As a result, the public will be able to read and understand each document even with the redacted information.  *See United States v. UCB, Inc.*, No. 14-cv-2218, 2017 WL 838198, at *5 (S.D.N.Y. 2017) (noting that while "the public . . . has an interest in monitoring the judicial process," and that "the public's ability to monitor the judicial process 'is not possible without access to testimony and documents that are used in the performance of Article III functions,'" where only names are sought to be redacted, the presumption of public access is relatively low because "the public can still glean from" the Court's use of those redacted documents "the substance of [the] arguments and the manner in which the Court handled them" (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).

In contrast, the weight of the countervailing concerns "that legitimately counsel against disclosure of" the redacted information is substantial.  *See Mirlis*, 952 F.3d at 59.  "The privacy interests of innocent third parties," like this Witness, "should indeed weigh heavily in the Court's balancing equation."  *Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500, 2021 WL 1222122, at *7–8 (S.D.N.Y. Mar. 31, 2021).  This third-party witness declared that they have been threatened in the past and that they fear for their safety.  *See, e.g.*, Dkt. No. 79-1 ¶¶ 5, 16, 17 (the Witness's explanation, under penalty of perjury, of the circumstances surrounding their concern).  That provides greater reason to permit redactions of identifying information, given that "the risk of physical violence cannot be disregarded . . . in the balance of interests."  *Chevron Corp. v. Donziger*, No. 11-cv-69, 2013 WL 646399, at *13 (S.D.N.Y. Feb. 21, 2013).

Thus, in the *Mirlis* framework, the concerns here of protecting the third-party witness outweigh the presumption of public access to the redacted portions of these documents.  *See* 952 F.3d at 59.  As a result, the motion to seal is granted.  The Court notes that this determination permits only limited, targeted redactions—those as to the Witness's name, "any transcriptions of the

3

Witness's deposition testimony and/or descriptions of their anticipated trial testimony," Dkt. No. 192, at 2, to the extent that any such descriptions may make the Witness's identity readily ascertainable. That is to say, the Court permits redactions as to only the third-party Witness's name and personally identifiable information. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 192.

SO ORDERED.

Dated: November 9, 2023

_____
GREGORY H. WOODS
United States District Judge