USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
CITGO PETROLEUM CORPORATION,                                         :
                                                                     :
                                    Plaintiff,                       :    1:21-cv-389-GHW
                                                                     :
            -v -                                                     :    ORDER
                                                                     :
STARSTONE INSURANCE SE, *et al.*,                                    :
                                                                     :
                                    Defendants.                      :
                                                                     :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On September 19, 2023, Plaintiff filed a motion *in limine* requesting that the Court "take judicial notice of certain facts set forth in reports issued by the U.S. State Department, the Congressional Research Service ("CRS"), and the United Nations." Dkt. No. 207, at 1. The motion is granted in part and denied in part.

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." If a party requests judicial notice of a fact "and the court is supplied with the necessary information," then the court "must take judicial notice" of that fact. Fed. R. Evid. 201(c).

"Central to Rule 201 . . . is the notion that federal courts take judicial notice of facts, not documents." *In re Manning*, 620 B.R. 199, 207 (W.D.N.Y. 2020); *accord Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020). Several courts have noted that "[a] party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice." *See, e.g.*, *Wise v. City of Portland*, 539 F. Supp. 3d 1132, 1143 n.8 (D. Or. 2021) (citation omitted); *see also* CHARLES A. WRIGHT & ARTHUR A. MILLER, 21B FEDERAL PRACTICE & PROCEDURE § 5108 (2d

ed. 2022) (noting that, to require a court to take judicial notice under Fed R. Evid. 201(c), a party must "provide information from which the court can conclude" that the source within which the fact is contain is one "whose accuracy cannot reasonably be questioned"); *id.* § 5106.2 ("The burden of showing the accuracy lies on the proponent of notice."). That said, courts are permitted—though not required—to go outside of the information provided by the parties to determine if a fact is the proper subject of judicial notice. *See id.* § 5108 & nn.73–77.

As the Court stated on summary judgment: "Plaintiff correctly notes that, as a general principle, [the State Department Country Reports, Congressional Research Service Reports, and United Nations Reports] are the types of sources 'whose accuracy cannot reasonably be questioned,' *see* Fed. R. Evid. 201(b) . . . ." Dkt. No. 182 ("Summary Judgment Order"), at 14 (collecting cases). Defendants argue to the contrary, asserting that these sources are not reliable. *See* Dkt. No. 218, at 3–5. The Court agrees now, as it did on summary judgment, that generally speaking the truth of statements concerning geopolitical context is "an inappropriate subject for judicial notice." *See* Summary Judgment Order, at 13 (citations omitted). Still, in the case of reports from the State Department, the United Nations, and the Congressional Research Service, the Court reiterates that "many courts have taken notice of these facts from these (and similar) types of reports." *Id.* at 14 (collecting cases). Moreover, facts may not be judicially noticed unless they meet the "high degree of indisputability" required by Rule 201. *See* Fed. R. Civ. P. 201, Advisory Committee Notes. As a "rule of thumb," a purported "'fact' will more likely be found 'disputable' if it falls on the opinion end of the traditional 'fact-opinion' spectrum." WRIGHT & MILLER, *supra*, § 5104 (2d ed. 2022).

The Court applies these principles in the rulings that follow. In referencing the number of a fact, the Court is referring to the numbering on the Appendix filed with Plaintiff's motion for judicial notice, Dkt. No. 208, Ex. 1.

And at the outset, the Court notes that Defendants raise a relevance challenge to the

statements for which judicial notice was requested. *See* Dkt. No. 218, at 4–5. Events pertaining to whether an insurrection took place that could have caused the loss of CITGO's cargo are plainly relevant to the causation question at issue in this case. Therefore, Defendants' relevance objections do not hold water.

The Court's rulings are as follows:

- **Fact No. 1:** As to the "On January 10, 2019, . . ." revised fact for which judicial notice is sought, judicial notice is granted.

- **Fact No. 6:** As to the proposed fact that begins "Venezuela saw 'large-scale street protests . . . ,'" judicial notice is granted in part and denied in part. Judicial notice is granted as to the first sentence, but denied as to the second sentence. The phrase "excessive force" is an opinionated phrase and contested fact that the Court cannot judicially notice.

- **Fact No. 9:** As to the proposed fact about "snap elections," judicial notice is granted in part and denied in part. Judicial notice is granted in part in accordance with the following revision, which matches the text of the Department of State Report: "On May 20[, 2018,] the government organized snap presidential elections . . . for the 2019-25 presidential term. Nicolas Maduro was re-elected through this . . . process, which much of the opposition boycotted . . . ." But the issue of whether the "international community condemned" the snap elections is not probative of relevant facts in this case. Thus, the Court does not judicially notice that part of the statement.

- **Fact No. 10:** As to the proposed fact regarding Guaidó's invocation of Article 233, judicial notice is granted.

- **Fact No. 14:** As to the proposed fact that begins "[t]hroughout 2019, Maduro 'regularly targeted the AN . . . ,'" judicial notice is granted.

- **Fact No. 15:** As to the proposed fact regarding emergency supplies, judicial notice is granted in part, subject to two qualifications. First, it is granted subject to the revision that follows, to clarify the time period and to update the antecedent in accordance with the report (the prior sentence of which says "Guaido and his supporters," who are presumably the "they" in question). Second, the proposed excerpt is noticed with the exception of the final sentence regarding any alleged close-range shooting, because the document from which this phrase comes does not make clear that the OHCHR were "witnesses" reporting on their observations. Thus, notice is granted as to the revised statement that follows: "On February 23, [2019,] [Juan Guaidó and his supporters] sought to bring emergency supplies into the country that had been positioned on the Colombia- and Brazil-Venezuela borders by the United States and other donors. Venezuelan national guard troops and armed civilian militias (*colectivos*) loyal to Maduro

killed seven individuals and injured hundreds as they prevented the aid convoys from crossing the border." Dkt. No. 127-24, CRS Report at 9 (italics in original).

- **Fact No. 18:** As to the proposed fact regarding Guaidó's entrance into the Federal Legislative Palace, judicial notice is denied. The terms "forcibly barred" and "tainted by corruption allegations" are opinionated statements that the Court cannot judicially notice. In addition, the Court cannot judicially notice statements concerning "allegations" absent factual findings.

- **Fact No. 19:** As to the proposed fact regarding what "[t]he U.S. State Department reported . . . in 2020," judicial notice is denied. The phrase "credible allegations" does not imply findings of facts. The Court cannot judicially notice statements concerning "allegations" absent factual findings.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 207.

SO ORDERED.

Dated: November 10, 2023

                                                                                     _____
                                                                                     GREGORY H. WOODS
                                                                                     United States District Judge