```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
CITGO PETROLEUM CORPORATION,                                      :
                                                                  :
                              Plaintiff,                          :   1:21-cv-389-GHW
                                                                  :
              -v -                                                :   ORDER
                                                                  :
STARSTONE INSURANCE SE, et al.,                                   :
                                                                  :
                              Defendants.                         :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/2023

GREGORY H. WOODS, United States District Judge:

The Court thanks the parties for their recent pretrial briefing at Dkt. Nos. 233, 234, 235, and 236. The Court treats the question of the legal validity, legitimacy, and effect of the Venezuelan "court order" allegedly issued by a Caracas criminal court as a question of law reserved for the Court. The Court additionally treats the issue of when President Guaidó's presidency began as a question of foreign law, to the extent that it may involve interpretation of the Venezuelan Constitution or other Venezuelan laws. *See* Fed. R. Civ. P. 44.1 (describing the Court's determination of "an issue about a foreign country's law" as one that "must be treated as a ruling on a question of law"); *Branch of Citibank, N.A. v. De Nevares*, 74 F.4th 8, 15, n.5 (2d Cir. 2023) ("'At common law, the content of foreign law relevant to a dispute was treated as a question of fact.' Under Fed. R. Civ. P. 44.1, however, a court's determination of foreign law 'must be treated as a ruling on a question of law.'") (citations omitted). "[W]hile Rule 44.1 grants a district court 'freedom to employ fact-like procedures, including by taking written and oral testimony,' the district court's determination of foreign law is a legal conclusion" for the Court to make. *Kingstown Cap. Mgmt., L.P. v. Vitek*, No. 20-3406, 2022 WL 3970920, at *2 (2d Cir. Sept. 1, 2022).

In determining these questions, the Court requests briefing from the parties regarding (1) when President Guaidó's presidency began according to Venezuelan law, including but not

necessarily limited to the proper interpretation of Article 233 of the Venezuelan Constitution; and (2) the legal validity, legitimacy, and effect of the Venezuelan "court order" allegedly issued by the Caracas criminal court. To the extent that understanding the treatment of either question under Venezuelan law will require the Court to reference or interpret Venezuelan laws, statutes, or the Venezuelan Constitution, the parties should submit English translations of the same, in addition to the original Spanish versions.

The parties' briefing on these two issues is due no later than November 17, 2023. Any replies are due no later than November 21, 2023.

SO ORDERED.

Dated: November 14, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge