

Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW  |  Washington, DC 20036  |  tel 202.663.8000  |  fax 202.663.8007

David F. Klein
tel: +1.202.663.9207
david.klein@pillsburylaw.com

December 10, 2023

**VIA EMAIL**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> Re: ***CITGO Petroleum Corp. v. Ascot Underwriting Ltd., et al.*, Case No. 1:21-cv-00389-GHW**

Dear Judge Woods:

We regret troubling the Court again at this late date, but two issues have emerged which the Court may consider it most efficient to resolve before trial.

First, last Friday night, December 8 at 7:28 p.m., Defendants' counsel sent CITGO a list of seven documents not on their exhibit list filed on September 7 (Dkt. No. 195-5) that they "intend to introduce at trial." (*See* **Attachment 1**, 12/8/23 email from Thomas Myers to David Klein.) CITGO objects. Defendants have not identified good cause for the Court to permit this supplementation on the eve of trial and more than 90 days after it was due. Indeed, Defendants were aware of these documents long before, and used each of the seven exhibits in depositions they took in 2021. This is not a case of adding one or two stray exhibits that were overlooked. To allow Defendants to make these documents trial exhibits so soon before trial commences would be highly prejudicial. Accordingly, CITGO requests that the Court reject Defendants' dilatory request to supplement their list of trial exhibits.

Second, notwithstanding the Court's recent guidance, the parties continue to dispute whether and what defense witness Stephen Chapman can testify to at trial. In the November 15, 2023 pretrial conference, the Court instructed that it would not permit testimony regarding either CITGO's decisional process in presenting its claim, or the Defendants' decisional process in considering it, each of which have minimal probative value as to whether CITGO's claim is covered by the Institute War Clauses, and which may be prejudicial if presented to the jury. (Nov. 15 Hearing Tr. at 65.) This was a follow-up to the parties' agreement in open court on November 1 that the handling of the current claim is not relevant (November 1 Hearing Tr. at 42-47) and was

Honorable Gregory H. Woods
December 10, 2023
Page 2

followed up again at the December 5 conference (December 5 Hearing Tr. 18-19).  As to the
Court's comments at the December 5 conference, Defendants wrote back to CITGO on Friday
evening as follows:  "The Court expressly refused to say anything in addition to or different from
what it had already said about Stephen Chapman's expected testimony, and certainly said
nothing inconsistent with our email on the subject[1], which has also not been refuted by
CITGO."  (*See* **Attachment 3,** 12/8/23 email from William Cooney to David Klein.)

Mr. Chapman—a claims handler—can only provide testimony about Insurers' decisional
processes.  While the Defendants have declined CITGO's requests to proffer what more he can
offer, CITGO understands he would testify regarding pre-claim correspondence between counsel
for CITGO and the Defendants during the long period the Gerd was immobilized and before the
Cargo was seized, in which Defendants debated the application of other provisions of the policy
to the immobilized Cargo.  CITGO believes this relates, at best, to the parties' decisional
process, and has no bearing on whether coverage attaches under the Institute War Clauses.[2]
CITGO once again respectfully suggests that the Court clarify its ruling on this narrow question
before Defendants attempt to call Mr. Chapman.

> Respectfully submitted,
>
> /s/ *David F. Klein*
>
> David F. Klein
> david.klein@pillsburylaw.com
> Mark J. Plumer
> mark.plumer@pillsburylaw.com
> John Chamberlain
> john.chamberlain@pillsburylaw.com
> Jeffrey W. Mikoni
> jeffrey.mikoni@pillsbury.com
> Pillsbury Winthrop Shaw Pittman LLP
> 1200 17th Street NW
> Washington, DC 20036
> (202) 663-8000
>
> Richard P. Donoghue
> richard.donoghue@pillsburylaw.com
> Georgia Bender

---

[1]  For completeness, the 12/1/23 email from Mr. Cooney to Mr. Klein, referenced by Mr. Cooney above, appears as
**Attachment 2** to this letter.

[2]  In the December 5, 2023 pretrial conference, the Court quoted Defendants' description of Mr. Chapman's
expected testimony in the Joint Pretrial Report (Dkt. No. 195 at 10) and reiterated that it expected to exclude
testimony regarding CITGO's or the insurers' decision-making processes with respect to the filing of the
insurance claim.  Dec. 5 hearing Tr. at 18-19.  The Court reserved for later consideration whether Mr. Chapman's
prior testimony could be used for impeachment purposes.  *Id.* at 19.

Honorable Gregory H. Woods
December 10, 2023
Page 3

georgia.bender@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019
(212) 858-1000

*Counsel for CITGO Petroleum Corporation*

Cc:  All counsel of record

Attachment 1

| From: | Myers, Thomas P. |
|---|---|
| To: | Klein, David F. |
| Cc: | Woods, John; Fegan, Jeffrey; Plumer, Mark J.; Donoghue, Richard P.; Cooney, William; Chamberlain, John; Mikoni, Jeffrey W.; Bender, Georgia |
| Subject: | RE: CITGO Petroleum Corp. v. Ascot Underwriting Ltd, et al., Case No.: 1:21-cv-00389-GHW (U.S.D.C., S.D.N.Y.) |
| Date: | Friday, December 8, 2023 7:28:31 PM |
| Attachments: | image008.png |
| | image002.png |

David,

As was discussed during the conference with the Court, we write to provide you a list of additional exhibits that Defendants intend to introduce at trial:

Def. Exh. GGG - Schmidt Dep. Ex. 5
Def. Exh. HHH - Schmidt Dep. Ex. 13
Def. Exh. III - Schmidt Dep. Ex. 54
Def. Exh. JJJ - Cadenas Dep. Ex. 2
Def. Exh. KKK - Cadenas Dep. Ex. 13
Def. Exh. LLL - Cadenas Dep. Ex. 14
Def. Exh. MMM - Coon Dep. Ex. 10

Best regards,

**Thomas Myers**
Associate | Clyde & Co US LLP
**Direct Dial:** +1 212 702 6771 | **Mobile:** +1 347 327 1019




## CLYDE&CO

The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
**Main** +1 212 710 3900 | **Fax** +1 212 710 3950 | www.clydeco.us

Please consider the environment before printing

**From:** Klein, David F. <david.klein@pillsburylaw.com>
**Sent:** Friday, December 8, 2023 6:04 PM
**To:** Cooney, William <William.Cooney@clydeco.us>
**Cc:** Woods, John <John.Woods@clydeco.us>; Fegan, Jeffrey <Jeffrey.Fegan@clydeco.us>; Myers, Thomas P. <Thomas.Myers@clydeco.us>; Plumer, Mark J. <mark.plumer@pillsburylaw.com>; Donoghue, Richard P. <richard.donoghue@pillsburylaw.com>; Chamberlain, John <john.chamberlain@pillsburylaw.com>; Mikoni, Jeffrey W. <jeffrey.mikoni@pillsburylaw.com>; Bender, Georgia <georgia.bender@pillsburylaw.com>
**Subject:** RE: CITGO Petroleum Corp. v. Ascot Underwriting Ltd, et al., Case No.: 1:21-cv-00389-GHW (U.S.D.C., S.D.N.Y.)

Bill,

Thanks for your response. It looks like we are in accord about the Stipulation of Facts and Law.

We agree that the exhibits referenced in the Masters' deposition designations should be published to the jury as trial exhibits, except to the extent we have objected to them, and the Court has ruled in CITGO's favor or has not ruled yet at all. We are editing video clips for each of the Masters, including our designations and yours in their natural sequence, and expect to share them with you this weekend.

It seems we have a disagreement about Mr. Chapman's testimony and whether the Masters' testimony is sufficient to authenticate the Venezuelan Court Order. We will be prepared to take those matters up with

Attachment 2

| From: | Cooney, William |
|---|---|
| To: | Klein, David F.; Plumer, Mark J.; Donoghue, Richard P.; Chamberlain, John; Mikoni, Jeffrey W.; Bender, Georgia |
| Cc: | Woods, John; Fegan, Jeffrey; Myers, Thomas P. |
| Subject: | RE: CITGO Petroleum Corp. v. Ascot Underwriting Ltd, et al., Case No. 21-cv-00389-GHW (U.S.D.C., S.D.N.Y.) |
| Date: | Friday, December 1, 2023 5:47:22 PM |
| Attachments: | image009.png |
| | image010.png |
| | image002.png |

David,

Your citation to the transcript of the November 15 pretrial conference stops short of the Court's actual ruling, because the Court's exclusion of testimony was limited – and applies to CITGO's witnesses as equally as it does to Reinsurers' witness: "[T]he Court exercises its 'broad discretion' [citation omitted] to **exclude testimony** from the claims handlers and **from CITGO regarding CITGO's or the insurers' decision-making processes** as unfairly prejudicial." (Transcript of November 15, 2023 Pretrial Conference at p. 65. (emphasis added))

As you have noted, the proposed Joint Pretrial Order sets forth a summary of Mr. Chapman's expected trial testimony, including "the nature and timing and other circumstances of Plaintiff's insurance claim, including the notice of the insurance claim given to Defendants [and] the evolution of Plaintiff's stated basis for the insurance claim ..." (Docket No. 195 at p. 10.)  Testimony about Plaintiff's insurance claim as it was actually stated in various ways and at various times by Plaintiff quite obviously is distinct from either Defendants' decision-making processes in reaction to the claim, or CITGO's decision-making processes that led to the claim.  Accordingly, Defendants will not be making a further proffer of Mr. Chapman's expected trial testimony.

Regards,

Bill Cooney

**William Cooney**
Counsel | Clyde & Co US LLP
**Direct Dial:** +1 212 710 3948 | **Mobile:** +1 646 715 6765



CLYDE&CO | The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | **Fax** +1 212 710 3950 | www.clydeco.us

Please consider the environment before printing

**From:** Klein, David F. <david.klein@pillsburylaw.com>
**Sent:** Wednesday, November 29, 2023 1:25 PM
**To:** Cooney, William <William.Cooney@clydeco.us>; Plumer, Mark J. <mark.plumer@pillsburylaw.com>; Donoghue, Richard P. <richard.donoghue@pillsburylaw.com>; Chamberlain, John <john.chamberlain@pillsburylaw.com>; Mikoni, Jeffrey W. <jeffrey.mikoni@pillsburylaw.com>; Bender, Georgia <georgia.bender@pillsburylaw.com>
**Cc:** Woods, John <John.Woods@clydeco.us>; Fegan, Jeffrey <Jeffrey.Fegan@clydeco.us>; Myers, Thomas P. <Thomas.Myers@clydeco.us>
**Subject:** RE: CITGO Petroleum Corp. v. Ascot Underwriting Ltd, et al., Case No. 21-cv-00389-GHW (U.S.D.C., S.D.N.Y.)

Bill,

Thank you for speaking with me a moment ago.  As we just discussed, in the Joint Pretrial Report, Defendants described Mr. Chapman's testimony as follows:

"Mr. Chapman is expected to testify to the nature and timing and other circumstances of Plaintiff's insurance claim, including the notice of the insurance claim given to Defendants, the evolution of Plaintiff's stated basis for the insurance claim, and the reasons why Defendants denied the insurance claim as not covered."

In the November 15 pretrial conference, at the point he was addressing Mr. Chapman's expected testimony, Judge Woods stated: "[W]hatever "understandings" may have motivated defendants to deny CITGO's claim, or whatever "beliefs" may have motivated CITGO to file its claim in the first place, have minimal probative value to the issue of whether CITGO's loss was caused by, under section 1.1 of the insurance contract, war, insurrection, et cetera, or under section 1.2 of the contract, capture, seizure, et cetera, arising from the risks covered under section 1.1." He added, "Any testimony about CITGO's. pr the insurers', decision-making process would carry with it the risk of 'unfair prejudice'—namely, 'an undue tendency to suggest decision on an improper basis.'"

Juxtaposing the Judge's direction with the Defendants' description of Mr. Chapman's anticipated testimony, Plaintiff's counsel do not understand what remains of his testimony that would be permissible after the Court's instructions. We request a written proffer so that we may evaluate whether there is a basis for objecting to his remaining testimony. Given how close we are to trial, we would appreciate having such a proffer before the end of the week.

I look forward to hearing from you.

Regards,

David Klein

---

**From:** Klein, David F.
**Sent:** Wednesday, November 29, 2023 12:39 PM
**To:** 'Cooney, William' <William.Cooney@clydeco.us>; Plumer, Mark J. <mark.plumer@pillsburylaw.com>; Donoghue, Richard P. <richard.donoghue@pillsburylaw.com>; Chamberlain, John <john.chamberlain@pillsburylaw.com>; Mikoni, Jeffrey W. <jeffrey.mikoni@pillsburylaw.com>; Bender, Georgia <georgia.bender@pillsburylaw.com>
**Cc:** Woods, John <John.Woods@clydeco.us>; Fegan, Jeffrey <Jeffrey.Fegan@clydeco.us>; Myers, Thomas P. <Thomas.Myers@clydeco.us>
**Subject:** RE: CITGO Petroleum Corp. v. Ascot Underwriting Ltd, et al., Case No. 21-cv-00389-GHW (U.S.D.C., S.D.N.Y.)

Thanks Bill. I'll call you then.

David

---

**From:** Cooney, William <William.Cooney@clydeco.us>
**Sent:** Wednesday, November 29, 2023 12:37 PM
**To:** Klein, David F. <david.klein@pillsburylaw.com>; Plumer, Mark J. <mark.plumer@pillsburylaw.com>; Donoghue, Richard P. <richard.donoghue@pillsburylaw.com>; Chamberlain, John

Attachment 3

| | |
|---|---|
| **From:** | Cooney, William |
| **To:** | Klein, David F. |
| **Cc:** | Woods, John; Fegan, Jeffrey; Myers, Thomas P.; Plumer, Mark J.; Donoghue, Richard P.; Chamberlain, John; Mikoni, Jeffrey W.; Bender, Georgia |
| **Subject:** | RE: CITGO Petroleum Corp. v. Ascot Underwriting Ltd, et al., Case No.: 1:21-cv-00389-GHW (U.S.D.C., S.D.N.Y.) |
| **Date:** | Friday, December 8, 2023 5:28:35 PM |
| **Attachments:** | image008.png |
| | image002.png |

David,

We are fine with having the Stipulation of Facts become a trial exhibit. We also believe that the exhibits that are referenced in connection with the Masters' deposition designations should be published to the jury as trial exhibits as well. If you are in agreement, we would suggest discussing the precise mechanics of admitting these exhibits with Judge Woods on Tuesday morning.

We are preparing video clips for each of the Masters, each with his designated testimony in the order in which it was given, to be published to the jury. We will share them with you (unless you have already prepared the designations in a similar manner, and would like to provide us with them.)

We have considered the interpretation of the Court's comments about Mr. Chapman's expected testimony that is set forth in Mark Plumer's email on the subject and disagree with that interpretation completely. The Court expressly refused to say anything in addition to or different from what it had already said about Stephen Chapman's expected testimony, and certainly said nothing inconsistent with our email on the subject, which has also not been refuted by CITGO.

The issue raised by CITGO as to the Masters' personal familiarity with the "provenance" of the Venezuelan Court Order is irrelevant, for the reasons that our many prior submissions on this point have made clear. That the Venezuelan Court Order caused the Vessel to discharge the Cargo is what matters – its "provenance" does not. If anything, the Court's refusal to take the issue up on Tuesday confirms that it views this issue in the same way. For the avoidance of doubt, we do not agree with CITGO's position on this point.

Regards,

Bill Cooney

**William Cooney**
Counsel | Clyde & Co US LLP
Direct Dial: +1 212 710 3948 | Mobile: +1 646 715 6765

CLYDE&CO | The Chrysler Building | 405 Lexington Avenue | 16th Floor | New York | NY 10174 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | www.clydeco.us

🌱 Please consider the environment before printing




**From:** Klein, David F. <david.klein@pillsburylaw.com>
**Sent:** Thursday, December 7, 2023 1:34 PM
**To:** Cooney, William <William.Cooney@clydeco.us>
**Cc:** Woods, John <John.Woods@clydeco.us>; Fegan, Jeffrey <Jeffrey.Fegan@clydeco.us>; Myers, Thomas P. <Thomas.Myers@clydeco.us>; Plumer, Mark J. <mark.plumer@pillsburylaw.com>; Donoghue, Richard P. <richard.donoghue@pillsburylaw.com>; Chamberlain, John <john.chamberlain@pillsburylaw.com>; Mikoni, Jeffrey W. <jeffrey.mikoni@pillsburylaw.com>; Bender, Georgia <georgia.bender@pillsburylaw.com>
**Subject:** RE: CITGO Petroleum Corp. v. Ascot Underwriting Ltd, et al., Case No.: 1:21-cv-00389-GHW (U.S.D.C., S.D.N.Y.)