

Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
16th Floor
New York, New York 10174
United States
Telephone: +1 212 710 3900
Facsimile: +1 212 710 3950
www.clydeco.com

December 14, 2023

<u>**VIA ECF ONLY**</u>

The Honorable Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *CITGO Petroleum Corp. v. Ascot Underwriting Ltd., et al.*
     <u>Case No.: 1:21 Civ. 00389 (GHW)</u>

Dear Judge Woods:

   We represent the Defendants in the above referenced matter. We write to set forth Defendants' position in response to the Court's request at the conclusion of the first day of the trial of this matter (on December 12, 2023) for comments from the parties concerning certain portions of the Court's proposed Jury Instructions. Specifically, the Court instructed the parties to comment on (1) whether there is a need for a specific instruction to the Jury in respect of the Intercompany Transits provision of the Policy and (2) how the instructions for the Sue and Labor Clause should be changed.

   The parties conferred concerning these matters early this morning, and for reasons of logistical efficiency, are transmitting their respective positions in separate letters to the Court.

<u>Basis of Valuation and Loss Settlement: Intercompany Transits</u>

   Under the Policy (Docket No. 75-1, p. 4), the basis of valuation and loss settlement for intercompany transits is "Cost of replacement plus all charges incurred." All seven words in that phrase are common English-language words with straightforward meanings. While Plaintiff does not appear to suggest otherwise, Defendants take the opportunity of the Court's invitation to comment on this subject by noting that there is no reason to believe the Jury needs any assistance

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Chicago, Long Beach, Miami, New Jersey, New York, San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

The Honorable Gregory H. Woods
December 14, 2023
Page 2



with defining those words.  Indeed, attempts to do so likely would be more akin to *re*-definition, which would be improper as a matter of New York law, as well as confusing to the Jury.

Accordingly, the unambiguous, plain-language meaning of the clause should prevail.  To the extent the Court finds that a specific Jury Instruction on this point to be necessary or helpful, Defendants respectfully suggest the following:

> *First*: "Cost of replacement" is the cost incurred by Plaintiff in order to procure a replacement cargo for the cargo that was lost (e.g., the price paid by Plaintiff to purchase crude oil to take the place of the crude oil that was lost).  If you find Plaintiff: (1) did not replace the cargo that was lost; or (2) did not incur any out-of-pocket cost in order to procure that replacement cargo; or (3) did not present evidence sufficient for you to determine what was the cost, if any, incurred by Plaintiff in order to procure a replacement cargo, then you must find that the cost of replacement was zero.

> *Second*: "All charges incurred" means the charges necessarily incurred in connection with replacing the cargo (e.g., the cost to charter another tank vessel to load the replacement cargo).  Again, if you find Plaintiff: (1) did not replace the cargo that was lost; or (2) did not incur any out-of-pocket cost in order to procure that replacement cargo; or (3) did not present evidence sufficient for you to determine what was the cost, if any, incurred by Plaintiff in order to procure a replacement cargo, then you must find that the amount of "all charges incurred" is zero.

<u>Sue and Labour Clause</u>

The Court has correctly noted in its Pre-Trial Order that "[i]f the jury determines that Plaintiff's loss was not caused by **insurrection or other war risk under the Institute War Clauses**, then the jury must find that Plaintiff is not entitled to any recovery under the Sue and Labor Clause." (Dkt. No. 272 at p. 7 (emphasis added).)  Defendants note that both the Jury Charge and the Verdict Form need to be corrected to reflect that Plaintiff can have no recovery under the Sue and Labour Clause, or any other provision of the Policy, in the event of a jury determination that its loss was not caused by an insurrection under the Institute War Clauses.

Additionally, Defendants agree that Plaintiff have neither argued nor presented evidence that would support the Jury finding that the Sue and Labor clause was triggered by any other section of the Policy.  It would be inappropriate to ask the Jury to review the entirety of the Policy to make such a determination.

Accordingly, Defendants respectfully request that the following wording, which Defendants had proposed when the parties drafted the original proposed Jury Charges, is included with the Jury Charge on the Sue and Labour Clause:

The Honorable Gregory H. Woods
December 14, 2023
Page 3



"If you determine that CITGO's loss was not caused by insurrection or other war risk under the Institute War Clauses provision, then CITGO cannot recover any amount under the Sue and Labour Clause."

      We thank the Court for its consideration.

                             Respectfully submitted,

                             /s/*William M. Cooney*
                             John M. Woods, Esq.
                             William M. Cooney, Esq.
                             CLYDE & CO US LLP
                             *Attorneys for Defendants*
                             The Chrysler Building
                             405 Lexington Avenue, 16th Floor
                             New York, New York 10174
                             Tel: (212) 710-3900
                             john.woods@clydeco.us
                             william.cooney@clydeco.us

cc:     Counsel to Plaintiff