UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                        :

CITGO PETROLEUM CORPORATION,       :
                                          :

                     Plaintiff,    :           1:21-cv-389-GHW
                                          :

                  -v -             :           ORDER
                                          :

STARSTONE INSURANCE SE, *et al.*,       :
                                          :

                    Defendants.   :
                                          :
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/2024

GREGORY H. WOODS, United States District Judge:

On January 11, 2024, Plaintiff sought to recover fees and costs for transcripts ($37,065.38) and printing ($8,738.37) pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Civil Rule 54.1, and 28 U.S.C. §§ 1920 and 1923. Dkt. No. 219. Plaintiff's affidavit, in support of the printing costs, asserts that "[o]ver the course of the litigation, my law firm invoiced CITGO for printing, which CITGO paid, in the amount of $8,738.37. CITGO accordingly includes this amount in its bill of costs." Dkt. No. 291 ¶ 11. It additionally asserts that "[t]he costs claimed are correctly stated, are allowable by law, and were necessarily incurred." *Id.* ¶ 9. While the affidavit included a rider listing costs for each deposition transcript, it did not include further substantiation regarding the claimed printing costs, which amount to nearly $9,000. *See generally id.* Defendants oppose Plaintiff's application to the extent that it seeks $8,738.37 for printing because Plaintiff neither "substantiated these alleged costs with invoices or evidence that the printing met the requirements for costs to be taxable under Section 1920 or Local Rule 54.1," Dkt. No. 293 at 2, nor "present[ed] any evidence or explanation concerning what the printing was for and why it was necessary, or the cost per page for the printing," *id.* at 2–3.

Rule 54 provides that "[u]nless a federal statute, these rules, or a court order provides

otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R.

Civ. P. 54(d)(1); *see also* Local Civil Rule 54.1. And 28 U.S.C. § 1920 and 1923 provide that "[a] judge

or clerk . . . may tax as costs . . . [f]ees and disbursements for printing," 28 U.S.C. § 1920(3), and

"[i]n admiralty appeals the court may allow as costs for printing the briefs of the successful party" of

specified amounts, 28 U.S.C. § 1923.

 "The decision to award costs pursuant to Rule 54(d)(1) and Local Rule 54.1 'rests within the

sound discretion of the district court . . . .'" *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir.

2006) (quoting *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)). "[T]he burden is on the

prevailing party to satisfy the Court that the taxation of costs is required." *DeHoust v. Baxter

Healthcare Corp.*, No. 93 CIV. 0774 HB, 1999 WL 280423, at *3 (S.D.N.Y. May 4, 1999). Specifically,

"[t]he party seeking to recover costs . . . 'bears the burden of adequately documenting and itemizing

the costs requested.'" *Aptive Env't, LLC v. Vill. of E. Rockaway, New York*, No. 19CV3365DRHSIL,

2022 WL 5434178, at *7 (E.D.N.Y. July 8, 2022), *report and recommendation adopted*, No.

19CV3365JMASIL, 2022 WL 4376618 (E.D.N.Y. Sept. 22, 2022), *appeal withdrawn*, No. 22-2471,

2022 WL 19347040 (2d Cir. Dec. 14, 2022) (quoting *Ganci v. U.S. Limousine Serv. Ltd.,* No. 10-cv-

3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015)); *see also Koon Chun Hing Kee Soy & Sauce

Factory, Ltd. v. Star Mark Mgmt., Inc.*, No. 04-CV-2293 SMG, 2009 WL 5185808, at *10 (E.D.N.Y.

Dec. 23, 2009), *aff'd*, 409 F. App'x 389 (2d Cir. 2010) (asking whether costs were "reasonably

incurred and . . . the sort of expense reasonably billed to paying clients"); *Merck Eprova AG v. Gnosis

S.P.A.*, No. 07 CIV. 5898 (RJS), 2013 WL 12326753, at *2 (S.D.N.Y. Aug. 19, 2013) (deciding

whether to award costs by examining whether "similar charges [were found to be] appropriate and

similar documentation [was found to be] sufficient in the past").

 Defendants, in their opposition to the bill of costs, cite *U.S. for Use & Benefit of Evergreen

Pipeline Construction Co. v. Merritt Meridian Construction Corp.*, 95 F.3d 153 (2d Cir. 1996). In *Merritt*, the

prevailing party sought over $17,000 in photocopying costs but was awarded $5,000 by the district court, which the Second Circuit upheld because the party "did not . . . itemize those costs or explain why all those copies were necessary." *Id.* at 173.  Further, in *ING Global v. United Parcel Service Oasis Supply Corp.*, No. 11-CV-5697 LAP, 2014 WL 4090552 (S.D.N.Y. Aug. 19, 2014), Judge Preska found that the plaintiff's claimed photocopying costs of approximately $10,000 "seem[ed] excessive," noting that the plaintiff had "offer[ed] no explanation whatsoever as to why all of these copies were necessary, the cost per page of duplication, or which duplication expenses were related to its . . . claims." *Id.* at *9 (finding that the plaintiff "failed to demonstrate the reasonableness of these expenses"); *see also DeHoust*, 1999 WL 280423, at *4 (declining to award costs for copying in part because "defendants have not explained why copies were necessary"); *Teamsters Local 814 Welfare Fund*, 5445 F. Supp. 2d. at 269 (denying request to award costs where "Petitioners do not provide an itemized list of the costs that they are seeking"); *Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*, No. 06 CV 00617 RJD KAM, 2007 WL 841804, at *7 (E.D.N.Y. Jan. 16, 2007) (recommending declining to award costs where the "plaintiff has submitted no documentary evidence in support of its request").

Although Defendants' opposition cites to rules and caselaw that largely address the question of *photocopying* costs—which are not listed in Plaintiff's bill of costs, *see* Dkt. No. 291-1 (listing $8,738.37 under "[f]ees and disbursements for printing," and leaving blank the item of "[f]ees for exemplification and the costs of making copies")—Defendants correctly note that Plaintiff does not explain, itemize, document, or otherwise substantiate the claimed cost of $8,738.37 for printing. Lacking any documentation or basis for the over $8,000 request, beyond bare assertions that Plaintiff's counsel "invoiced CITGO [this amount] for printing," and that such a cost was "correctly stated," Dkt. No. 291 ¶¶ 9, 11, Plaintiff's requested costs for printing are denied without prejudice.

Accordingly, the Clerk of Court may, within its discretion, tax the deposition transcript costs

pursuant to Local Rule 54.1 and Rule 54(d); but the printing costs may not be taxed absent further

substantiation from Plaintiff, *see, e.g.*, Local Civil Rule 54.1 (noting that "[b]ills for the costs claimed

shall be attached as exhibits").

      SO ORDERED.

Dated: January 29, 2024
New York, New York

                                                GREGORY H. WOODS
                                         United States District Judge